UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JINGPING XU, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-cv-3711 |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| MD ANDERSON CANCER CENTER, | § | |
| et al., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Jingping Xu's Motion for Extension of Time to File a Notice of Appeal. ("Motion"; Doc. No. 76.) Following several motions seeking dismissal, Ms. Xu's remaining claims were dismissed by this Court in a hearing on October 9, 2013, and the Court entered final judgment on October 16, 2013. (Doc. No. 75.) Under Federal Rule of Appellate Procedure 4(a)(1)(A), Ms. Xu then had thirty days from entry of judgment, until November 15, 2013, to file a Notice of Appeal. She did not do so. On November, 22, 2013, Ms. Xu filed the pending Motion, seeking an extension of the time in which to file her Notice of Appeal. After considering the Motion and the Defendants' Response (Doc. No. 77), the Court finds excusable neglect sufficient to justify an extension. Accordingly, the Court will **GRANT** Ms. Xu's Motion.

### I. LEGAL STANDARD

Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure provides that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is

1

filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." The relevant 2002 Advisory Committee Notes state that "[t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault--excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4, 2002 Advisory Committee Notes.

The excusable neglect inquiry is both equitable and flexible, and considers all the relevant circumstances. *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007); *United States v. Clark,* 51 F.3d 42, 43-44 (5th Cir. 1995) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Such considerations include possible prejudice, the length of the delay and the impact on judicial proceedings, the reason for the delay, including whether it was within the movant's control, and whether the movant acted in good faith. *Stotter*, 508 F.3d at 820 (quoting *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998)). Excusable neglect is a "somewhat elastic" concept, and should be interpreted accordingly. *See Clark*, 51 F.3d at 43 (quoting *Pioneer*, 507 U.S. at 392) (internal quotation marks omitted). Nevertheless, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* (quoting *Pioneer*, 507 U.S. at 392) (internal quotation marks omitted).

## II. ANALYSIS

In her Motion, Ms. Xu, proceeding pro se, reports that she encountered two traffic accidents on her way to timely file her Notice of Appeal, and that the resulting delays, which were not of her making and were out of her control, meant that she arrived at the Court Clerk's

office after it had closed for the day. Ms. Xu argues that this constitutes good cause for an extension. Mot. at 1.

Defendants counter that filing so close to the deadline was irresponsible and is unjustifiable. They argue that filing was well within Ms. Xu's control, and offer several reasons why she has not satisfied the (more exacting) excusable neglect showing. First, Defendants report that Ms. Xu was inquiring into the deadline for filing a Notice of Appeal shortly after the hearing at which her claims were dismissed. Doc. No. 77-1 ¶ 3. This, they claim, shows that she was fully cognizant of the deadline. Defs.' Resp. at 4. Further, Defendants contend that "[t]hroughout the litigation prior to the dismissal, Plaintiff had demonstrated that she was proficient in the rules of procedure and the applicable law by filing several petitions and other motions as a pro se litigant." *Id.* Defendants also argue that Ms. Xu is not acting in good faith because she did not indicate in her Motion when she learned of the deadline and because she still has not filed a Notice of Appeal. *Id.* at 5. Defendants further argue that Ms. Xu did not have to file it in person and could have timely filed by mailing her Notice of Appeal. *Id.* at 5-6. Finally, Defendants claim that they would be unfairly prejudiced because they would be forced to continue to litigate Ms. Xu's claims. *Id.* at 6.

The Court is not convinced by Defendants' arguments. Here, Ms. Xu, proceeding pro se, filed for an extension only one week after the expiration of the deadline, so any resulting delay can only be minimal. Defendants see Ms. Xu's inquiring into the deadline so soon after the hearing as proof that Ms. Xu knew of the deadline, but Ms. Xu does not claim ignorance of the deadline. Rather, she argues that she missed it due to circumstances beyond her control. In light of this, the Court views Ms. Xu's inquiry as reflecting her good faith and an interest in filing properly and punctually. Defendants argue that Ms. Xu should have shown her good faith by

filing the Notice of Appeal, but the Court is not disturbed by the fact that, instead, Ms. Xu has chosen to seek leave to file before doing so. Defendants claim unfair prejudice because they would have to continue to litigate this matter, but that is hardly sufficient reason to deny an appeal as of right. Finally, although Defendants are correct that the more responsible course of action would have been to leave time for events such as traffic delays, or to timely mail the filing (which, contrary to Ms. Xu's belief, she may do), and in that respect, the reason for the untimely filing was within Ms. Xu's control, the Court does not deem this sufficient to deny an extension. Accordingly, the Court finds that Ms. Xu has shown excusable neglect justifying an enlargement of the time available to timely file a Notice of Appeal.

### III. CONCLUSION

For the reasons stated in this memorandum, Plaintiff Jingping Xu's Motion for Extension of Time to File a Notice of Appeal (Doc. No. 76) is **GRANTED**. Ms. Xu shall file her Notice of Appeal no later than December 2, 2013.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the twenty-seventh day of November, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE